# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | Useche v. Trump; No. 20-2207 |
| **Originating No. & Caption** | Useche v. Trump; No. 8:20-cv-2225 |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1291 | | |
| Time allowed for filing in Court of Appeals | 60 days | | |
| Date of entry of order or judgment appealed | 11/6/2020 | | |
| Date notice of appeal or petition for review filed | 11/6/2020 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | ⦿ Yes | | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ⦿ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ⦿ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | See Addendum A | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| See Addendum B |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| The main issues on appeal are: (1) whether the relief entered satisfies the requirements of Article III of the Constitution; and (2) whether the Memorandum is a permissible exercise of the President's discretion under the provisions of law governing congressional apportionment. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: See Addendum C <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br><br> Phone: | Adverse Party: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br><br> Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br><br> Phone: | Adverse Party: <br><br> Attorney: <br> Address: <br><br><br> E-mail: <br><br> Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** s/Sean Janda    **Date:** November 17, 2020

**Counsel for:** Defendants-Appellants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|   |   |
|---|---|
|   |   |

Signature:    Date:

## ADDENDUM A

### Natalia Useche, et al., v. Donald J. Trump, et al., No. 20-2207

*Identification of any case pending in this Court or Supreme Court raising similar issues.*

In addition to appealing the district court's judgment to this Court, defendants have also appealed directly to the Supreme Court from the decision of the three-judge district court below, *see* 28 U.S.C. § 1253, and proceedings are ongoing in that Court. *See* No. 20-662 (U.S.). In addition, other cases raising similar issues remain ongoing in a number of other courts, including the Supreme Court. *See Trump v. New York*, No. 20-366 (U.S.); *Trump v. City of San Jose*, No. 20-561 (U.S.); *New York v. Trump*, No. 20-3142 (2d Cir.) (currently in abeyance); *San Jose v. Trump*, No. 20-17104 (9th Cir.) (currently in abeyance); *California v. Trump*, No. 20-17105 (9th Cir.) (currently in abeyance); *Common Cause v. Trump*, No. 20-cv-2023 (D.D.C.); *La Union del Pueblo Entero v. Trump*, No. 8:19-cv-2710 (D. Md.); and *Haitian-Americans United, Inc. v. Trump*, No. 1:20-cv-11421 (D. Mass.).

## ADDENDUM B

## Natalia Useche, et al., v. Donald J. Trump, et al., No. 20-2207

*Nature of Case*

The Constitution provides that "Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State." U.S. Const. amend. XIV, § 2. That apportionment is enabled by the Constitution's further requirement that a decennial census be conducted "in such Manner as [Congress] shall by Law direct." *Id.* art. I, § 2, cl. 3. Congress in turn has directed the Secretary of Commerce to conduct the decennial census "in such form and content as he may determine," 13 U.S.C. § 141(a), and has required the Secretary to report the "tabulation of total population by States" to the President, 13 U.S.C. § 141(b). The President then transmits to Congress "a statement showing the whole number of persons in each State" and "the number of Representatives to which each State is entitled under an apportionment" using a specified formula. 2 U.S.C. § 2a(a).

On July 21, 2020, the President issued a Presidential Memorandum explaining that "it is the policy of the United States to exclude from the apportionment base aliens who are not in a lawful immigration status under the Immigration and Nationality Act, to the maximum extent feasible and consistent with the discretion delegated to the executive branch." 85 Fed. Reg. 44,679, 44,680 (July 23, 2020) (citation omitted). The Memorandum directs the Secretary of Commerce to provide "information permitting the President, to the extent practicable, to exercise the President's discretion to carry out the policy." *Id.*

Plaintiffs in this case challenge that Memorandum on a variety of constitutional and statutory grounds. The three-judge district court granted summary judgment in plaintiffs' favor, concluding that the Memorandum violated the Reapportionment Act, 2 U.S.C. § 2a(a), and the Census Act, 13 U.S.C. § 141, and provided plaintiffs injunctive and declaratory relief.

# ADDENDUM C

## Natalia Useche, et al., v. Donald J. Trump, et al., No. 20-2207

Plaintiffs-appellees Natalia Useche, Joyce Brown, Amit Dodani, Natalie Hernandez, Michael Kagan, Angela Kang, Angel Lira, Charles Park, Angel Ulloa, Kathi White, the Florida Immigrant Coalition, Katelyn Cohen, and the Arizona Center for Empowerment are represented by:

Daniel Thurston Grant
Covington & Burling LLP
850 Tenth Street NW
Washington, DC 20001
202-662-5851
dgrant@cov.com

Carlton Forbes
Covington & Burling LLP
850 Tenth Street NW
Washington, DC 20001
202-662-5053
cforbes@cov.com

Jeffrey Cao
Covington & Burling LLP
850 Tenth Street NW
Washington, DC 20001
202-662-5468
jcao@cov.com

Morgan E. Lewis
Covington & Burling LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105
415-591-2533
melewis@cov.com

Morgan Saunders
Covington & Burling LLP

850 Tenth Street NW
Washington, DC 20001
202-662-5956
msaunders@cov.com

P. Benjamin Duke
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018
212-841-1072
pbduke@cov.com

Patricio Martinez Llompart
Covington & Burling LLP
850 Tenth Street NW
Washington, DC 20001
202-662-5881
pmartinezllompart@cov.com

Shankar Duraiswamy
Covington & Burling LLP
850 Tenth Street NW
Washington, DC 20001
202-662-5273
sduraiswamy@cov.com