IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

NATALIA USECHE, *et al.*,

    Plaintiffs-Appellees,

v.                  No. 20-2207

DONALD J. TRUMP, *et al.*,

    Defendants-Appellants.

**DEFENDANTS-APPELLANTS'
UNOPPOSED MOTION FOR ABEYANCE**

Defendants-appellants Donald J. Trump, Wilbur L. Ross, Steven Dillingham, the United States Department of Commerce, and the United States Census Bureau respectfully request that this appeal be held in abeyance pending the Supreme Court's resolution of *Trump v. Useche*, No. 20-662 (U.S.). Plaintiffs do not oppose this motion.

1.  The Constitution provides that "Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State." U.S. Const. amend. XIV, § 2. That apportionment is enabled by the Constitution's further requirement that a decennial census be conducted "in such Manner as [Congress] shall by Law direct." *Id.* art. I, § 2, cl. 3. Congress in turn has directed the Secretary of Commerce to conduct the decennial census "in such form and content as he may determine," 13 U.S.C. § 141(a), and has

required the Secretary to report the "tabulation of total population by States" to the President, 13 U.S.C. § 141(b). The President then transmits to Congress "a statement showing the whole number of persons in each State" and "the number of Representatives to which each State is entitled under an apportionment" using a specified formula. 2 U.S.C. § 2a(a).

On July 21, 2020, the President issued a Presidential Memorandum explaining that "it is the policy of the United States to exclude from the apportionment base aliens who are not in a lawful immigration status under the Immigration and Nationality Act, to the maximum extent feasible and consistent with the discretion delegated to the executive branch." 85 Fed. Reg. 44,679, 44,680 (July 23, 2020) (citation omitted). The Memorandum directs the Secretary of Commerce to provide "information permitting the President, to the extent practicable, to exercise the President's discretion to carry out the policy." *Id.* Plaintiffs in this case challenge that Memorandum on a variety of constitutional and statutory grounds.

2.  Under 28 U.S.C. § 2284, a three-judge district court must be convened "when an action is filed challenging the constitutionality of the apportionment of congressional districts." After this lawsuit was filed, plaintiffs requested that the district court notify the Chief Judge of this Court of the suit and ask that the Chief Judge designate a three-judge court to hear the suit pursuant to that provision, a request that defendants did not oppose. *See* D. Ct. Dkt. No. 17. The district court

2

granted plaintiffs' request and notified the Chief Judge of this Court, who convened a three-judge court under section 2284. *See* Order, D. Ct. Dkt. No. 29.

That three-judge court granted summary judgment in plaintiffs' favor and entered a permanent injunction against defendants, who timely appealed to the Supreme Court under 28 U.S.C. § 1253. *See Trump v. Useche*, No. 20-662 (U.S.). At the same time, the three-judge court certified that Judge Xinis, the district judge to whom the lawsuit was originally assigned, "individually arrived at the same conclusions that [the three-judge court has] reached collectively." *See* D. Ct. Op. at 33 n.10; *cf. Swift & Co v. Wickham*, 382 U.S. 111, 114 n.4 (1965) (approving that "procedure for minimizing prejudice to litigants when the jurisdiction of a three-judge court is unclear").

3. Under 28 U.S.C. § 1253, an appeal from an injunction entered in a civil action required to be heard by a three-judge district court must be taken to the Supreme Court. For that reason, the Supreme Court, and not this Court, is the appropriate forum for appellate review of the district court's order. *See Dothard v. Rawlinson*, 433 U.S. 321, 324 n.5 (1977); *White v. Regester*, 412 U.S. 755, 760-61 (1973). However, to ensure that defendants' ability to obtain appellate review of the district court's decision will not be prejudiced in the event the Supreme Court determines that it should not exercise appellate jurisdiction under Section 1253 or that a three-judge court should not have been convened under Section 2284, defendants have filed this appeal.

This Court should, however, hold this appeal in abeyance pending the Supreme Court's resolution of this case. The Supreme Court has recently expedited an appeal from a different three-judge district court that raises similar issues, *see Trump v. New York*, No. 20-366 (U.S.), and the government has urged the Court to hold its appeal in this case pending disposition of that case and then to dispose of this case as appropriate in light of that decision. *See* Juris. Stmt. at 11, No. 20-662 (U.S. Nov. 13, 2020). Therefore, to conserve resources for this Court and the litigants, defendants respectfully ask the Court to hold this appeal in abeyance pending the Supreme Court's disposition of the government's jurisdictional statement in this case.

4. The United States Courts of Appeals for the Second and Ninth Circuits have similarly held in abeyance pending appeals raising similar issues. *See New York v. Trump*, No. 20-3142 (2d Cir.) (currently in abeyance); *San Jose v. Trump*, No. 20-17104 (9th Cir.) (currently in abeyance); *California v. Trump*, No. 20-17105 (9th Cir.) (currently in abeyance).

5. As noted above, plaintiffs do not oppose this request.

Respectfully submitted,

MICHAEL S. RAAB

*s/ Sean Janda*
SEAN JANDA
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7260*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, D.C. 20530*
  *(202) 514-3388*

NOVEMBER 2020

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 834 words, according to the count of Microsoft Word.

*s/ Sean Janda*
Sean Janda