IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| NATALIA USECHE, *et al.*, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants-Appellants. | No. 20-2207 |

**DEFENDANTS-APPELLANTS' UNOPPOSED
MOTION TO DISMISS THE APPEAL**

Defendants-appellants Donald J. Trump, Wilbur L. Ross, Steven Dillingham, the United States Department of Commerce, and the United States Census Bureau respectfully request that this appeal be dismissed. Plaintiffs do not oppose this motion.

1. This appeal arises from the decision of a three-judge district court convened under 28 U.S.C. § 2284. The district court granted summary judgment to plaintiffs and entered declaratory and injunctive relief on their claims challenging a Presidential Memorandum that announced a policy "to exclude from the apportionment base aliens who are not in a lawful immigration status under the Immigration and Nationality Act . . . to the maximum extent feasible and consistent with the discretion delegated to the executive branch," and directed the Secretary of Commerce "to provide information permitting the President, to the extent practicable, to exercise the President's discretion to carry out the policy." 85 Fed. Reg. 44,679,

44,680 (July 21, 2020). Defendants timely appealed the three-judge district court's decision to the Supreme Court under 28 U.S.C. § 1253, which provides that such decisions may be appealed directly to the Supreme Court. *See Trump v. Useche*, No. 20-662 (U.S.).

In its decision, the three-judge court stated that although it "believe[d] that this matter was properly heard by a three-judge panel" under § 2284, it nevertheless certified that Judge Xinis, the district judge to whom the lawsuit was originally assigned, "individually arrived at the same conclusions that [the three-judge court has] reached collectively." D. Ct. Op. 33 n.10. Likewise, although defendants believed that the Supreme Court, not this Court, was the proper forum for appellate review of the three-judge court's decision, defendants filed this appeal to ensure that their ability to obtain appellate review would not be prejudiced if the Supreme Court were to decline to exercise jurisdiction.

After filing this appeal, defendants moved to hold it in abeyance pending the Supreme Court's decision in *Trump v. Useche*, No. 20-622. On November 18, 2020, this Court granted that motion. *See* Dkt. No. 9.

2.      On December 28, 2020, the Supreme Court, exercising jurisdiction over the appeal, summarily vacated the three-judge district court's judgment with instructions to dismiss the case for lack of jurisdiction. *See Trump v. Useche*, No. 20-662. As is reflected by the Supreme Court's exercising jurisdiction over the appeal, the three-judge district court in this case was properly constituted and this Court therefore lacks

jurisdiction over this appeal. *See* 28 U.S.C. § 1253 (providing for direct appeal to the Supreme Court from certain decisions of three-judge district courts); 28 U.S.C. § 1291 (providing for jurisdiction in the courts of appeals of appeals of final orders "except where a direct review may be had in the Supreme Court"). In addition, by vacating the order that forms the basis for this appeal, the Supreme Court's decision renders this appeal moot. Accordingly, defendants respectfully move to dismiss this appeal.

3. As noted above, plaintiffs do not oppose this request.

                                      Respectfully submitted,

                                      MICHAEL S. RAAB
                                      */s/ Sean Janda*
                                      SEAN JANDA
                                          *Attorneys, Appellate Staff*
                                          *Civil Division, Room 7260*
                                          *U.S. Department of Justice*
                                          *950 Pennsylvania Avenue NW*
                                          *Washington, DC 20530*
                                          (202) 514-3388

January 11, 2021

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 485 words, according to the count of Microsoft Word.

/s/ Sean Janda
Sean Janda